UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SETH T. CURTIS, <br><br> Plaintiff, <br><br> v. <br><br> ENGLISH, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-19-JD-JEM |

OPINION AND ORDER

Seth T. Curtis, a prisoner without a lawyer, filed a complaint against eleven defendants alleging they failed to protect him from being assaulted at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Curtis alleges that, in March 2024, he was assaulted by inmates in A-Cellhouse and taken to the hospital for treatment. ECF 1 at 3. When he returned to the prison, he was placed in administrative protective custody in A-Cellhouse. *Id*. About two months later, in May 2024, without being evaluated by the Protective Custody Board, Curtis was moved to R-Cellhouse, where inmates assaulted him again and took his personal

property. *Id*. He states that, following the assault, he asked to be removed from the situation. *Id*. at 3-4. Two officers[1] then escorted him to a cell in P-Cellhouse where the officers assaulted him and wrote him up. *Id*. at 4. Curtis was later moved to a restrictive housing unit, where he remained for two months until the write up was dismissed and he was released from the unit. *Id*.

Following these events, Curtis's mother contacted state officials to let them know about her son's situation at the prison. *Id*. She was directed to contact Unit Team Manager Shaun Dewire, who told her that Curtis had refused protective custody because he would not give Unit Team Manager Dewire information about the inmates who had assaulted him. *Id*. Curtis was subsequently placed in administrative protective custody in A-Cellhouse for a little over a week and released without a review by the Protective Custody Board. *Id*.

Curtis alleges that, on November 26, 2024, he was assaulted and jumped by inmates while he was asleep in his cell in K-Cellhouse. *Id*. He was punched in the jaw, which caused him to become dizzy and vomit. *Id*. at 4-5. There were no officers doing security checks K-Cellhouse because the prison was on lockdown, so his injuries were not discovered until an inmate told an officer he was hurt. *Id*. at 5. Curtis asserts the assault occurred because three officers[2] left the cell doors open during lockdown. *Id*. at 4.

---

[1] Curtis does not identify the officers in his complaint.

[2] Curtis has not identified these officers.

Sgt. Mann, who was the officer in charge of K-Cellhouse, escorted Curtis to the medical unit. *Id*. at 5. While he was in the medical unit, Cpt. Morrison met with Curtis and asked him about the assault. *Id*. Curtis said he was not sure what had happened, but he had been assaulted by inmates in his cell. *Id*. He asserts that Cpt. Morrison mocked him by telling him he must have done something to warrant the assault. *Id*. Cpt. Morrison told Curtis that he did not believe Curtis had been assaulted because K-Cellhouse was on lockdown. *Id*. He asserts Cpt. Morrison threatened to withhold medical treatment if he did not provide him with the specifics of the assault. *Id*.

In the medical unit, a nurse determined that Curtis's jaw had been broken and he needed to be taken to the hospital. *Id*. Curtis was initially taken to a local hospital and then transferred to a hospital in Indianapolis where surgery was performed. *Id*. at 6. Here, Curtis asserts the defendants in this case failed to protect him and keep him safe when they knew he was in danger of being assaulted. *Id*. He now seeks $5 million in monetary damages for his injuries stemming from the assaults and requests that the defendants be terminated for causing him lifelong injuries. *Id*. at 8.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*,

3

511 U.S. at 837. "Exercis[ing] poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Curtis initially sues Commissioner Christina Reagle, Superintendent English, Assistant Superintendent Smith, and Assistant Superintendent Engle asserting they failed to protect him from being assaulted. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they have supervisory authority or oversee operations at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Instead, they must have some personal involvement. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). While Curtis contends that Superintendent English, Assistant Superintendent Smith, and Assistant Superintendent Engle knew about his unsafe situation because he had filed grievances and written letters, his complaint does not contain facts that suggest these defendants had actual knowledge of any impending assaults. It also does not contain facts from which it can

4

be plausibly inferred that these defendants facilitate, approved, condoned, or turned a blind eye toward the assaults. Curtis has not stated claims here.[3]

Curtis next sues Caseworker Hamlin, Unit Team Manager Dewire, Lt. Calvart, Internal Investigator Snow, and Mental Health Counselor Beck. To the extent he alleges these defendants failed to protect him, he neither asserts they had actual knowledge of the impending assaults nor does his complaint contain facts from which the court can plausibly infer they had such knowledge. While he also alleges that these defendants are members of the Protective Custody Board and denied him protective custody, it is well-settled in this Circuit that a convicted inmate has "no liberty interest in his security classification." *Earls v. Buske*, No. 22-1193, 2022 WL 3928515, at *1 (7th Cir. Aug. 31, 2022) citing *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("prisoners possess neither liberty nor property [interests] in their classifications and prison assignments"); s*ee also Healy v. Wisconsin*, 65 F. App'x 567, 568 (7th Cir. 2003) ("inmates do not have a protected liberty interest in a particular security classification"), and *Taylor v. Levesque*, 246 F. App'x 772 (2d Cir. 2007) (prisoner did not have a protected liberty interest in his security classification). Therefore, Curtis has not stated claims against Caseworker Hamlin, Unit Team Manager Dewire, Lt. Calvart, Internal Investigator Snow, and Mental Health Counselor Beck.

Curtis has also sued Sgt. Mann. He asserts Sgt. Mann escorted him to the medical unit following the November 26, 2024, assault in K-Cellhouse. Because Curtis does not

---

[3] While Curtis has named Commissioner Christina Reagle as a defendant in this case, he has not mentioned her in the body of his complaint.

explain why he is suing Sgt. Mann, and the court cannot discern a reason for why Sgt. Mann is being sued, he may not proceed against him.

As a final matter, Curtis has sued Cpt. Morrison. Curtis asserts Cpt. Morrison mocked him and threatened to withhold medical treatment following the November 26, 2024, assault because he would not provide Cpt. Morrison with the specifics of the assault. However, Curtis's allegations do not violate the constitution because mere verbal harassment does not state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution."). Moreover, Curtis was taken to the hospital following the assault, where he had surgery to repair his broken jaw. He may not proceed against Cpt. Morrison.

This complaint does not state a claim for which relief can be granted. If Curtis believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Seth T. Curtis until **November 7, 2025**, to file an amended complaint; and

(2) CAUTIONS Seth T. Curtis that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT